UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTHO PAYTON GAUTHIER,<br><br>                            Petitioner,<br>v.<br>R. JOHNSON, Warden, et al.,<br>                            Defendants. | Case No.: 21-CV-1706-LL-WVG<br><br>**REPORT AND RECOMMENDATION ON FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

### I.    INTRODUCTION

Before the Court is *pro se* prisoner Bertho Gauthier's ("Petitioner") operative First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2254 ("First Amended Petition"). (Doc. No. 3.) Petitioner seeks habeas relief from the state trial court's alleged violation of Petitioner's due process rights under the Fourteenth Amendment. Petitioner specifies the trial court improperly disregarded Petitioner's history of substance abuse and post-traumatic stress disorder ("PTSD") as mitigating factors during his sentencing hearing. (*Id*. at 2.) Petitioner argues the trial court's purported exclusion of both mitigating factors violated California Penal Code section 1170.91, and, in turn, the Due Process Clause of the Fourteenth Amendment. For such reason, Petitioner moves the Court for an order granting his operative First Amended Petition.

/ / /

Respondents answered the First Amended Petition on February 15, 2022. (Doc. No. 9.) Respondents contend Petitioner's claim "raises no federal question but instead involves only the application or interpretation of California law." (*Id*. at 17:23-25.) On such basis, Respondents argue the First Amended Petition compels dismissal. (*Id*. at 6:16-19.) Petitioner's traverse followed on August 3, 2022. (Doc. No. 13.) Accordingly, the matter has been fully briefed and is now ripe for this Court's review. Having considered the entirety of the Parties' submissions and the underlying Lodgment (*see generally* Doc. No. 10), the Court RECOMMENDS that the First Amended Petition be DISMISSED.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

In September 2014, Petitioner was convicted of 11 counts of robbery with gun-use enhancements as to each count and a discharge of a firearm enhancement as to three counts. (Doc. No. 10-6, Lodgment 5 at 2.) A sentencing hearing followed in October 2014. (*Id*.) During the sentencing hearing, the trial court considered "the presentence report; two set of documents filed on behalf of Mr. Gauthier; the sentence statement in mitigation, as well as a series of additional letters," which were the entirety of Petitioner's "prison pack." (*Id*. at 13.) The trial court then sentenced Petitioner to incarceration in state prison for a term of 38 years and four months. (*Id*. at 14.)

In June 2019, Petitioner filed a Petition for Resentencing pursuant to California Penal Code Section 1170.91 ("Section 1170.91") to appeal the trial court's sentencing decision. (*Id*. at 2.) In doing so, Petitioner alleged the trial court violated Section 1170.91 by failing to consider Petitioner's PTSD and substance abuse as mitigating factors during sentencing. (*Id*. at 2.) On December 17, 2019, the California Court of Appeal convened a hearing on Petitioner's Petition for Resentencing. (*Id*.) During the hearing, Petitioner's then-counsel conceded the trial court was in fact aware of Petitioner's "history of PTSD and drug and alcohol abuse." (*Id*. at 16.) On March 26, 2021, the California Court of Appeal upheld the trial court's sentencing decision. (*Id*. at 19.) Ultimately, on June 9, 2021, the California Supreme Court denied Petitioner's Petition for Review and thus finalized the California Court of Appeal's decision. (Doc. No. 10-8, Lodgment 7 at 1.)

Upon exhaustion of his state court remedies, Petitioner brought this Action on October 5, 2021, and filed his initial Petition for Writ of Habeas Corpus. (Doc. No. 1.) On October 16, 2021, then-presiding District Judge Janis L. Sammartino issued an Order Dismissing the Case without Prejudice and directed Petitioner to file, if at all, a First Amended Petition on or before November 21, 2021. (Doc. No. 2.) Petitioner filed the operative First Amended Petition on November 22, 2021, which District Judge Sammartino accepted as timely. (Doc. No. 3.) The matter, now having been fully briefed by the Parties, is ripe for this Court's Report and Recommendation.

### III.   LEGAL STANDARD

Section 2254 of Title 28 of the United States Code ("Section 2254") defines the scope of review for federal habeas corpus claims. Section 2254 provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To this end, federal habeas corpus petitions are subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d). The AEDPA provides relief to a petitioner who demonstrates his claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" pursuant to section 2254(d)(1) or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" pursuant to section 2254(d)(2). 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (applying same); *McCraw v. McDowell*, 2017 WL 4680162 (S.D. Cal. Oct. 18, 2017) (applying same).

Under section 2254(d)(1), "a state court decision is 'contrary to [] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless

arrives at a result different from [Supreme Court] precedent.'" *Blake v. Ochoa*, 2013 WL 3973081, at *4 (S.D. Cal. Aug. 1, 2013) (citing *Lockyer v. Andrade*, 538 U.S. 63, 73, (2003).). Under section 2254(d)(2), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (citing *Lockyer*, 538 U.S. at 75); *see also Taylor*, 529 U.S. at 413.

As a general matter, the standard for evaluating state court rulings is deferential and "demands that state-court decisions be given the benefit of the doubt." *Womack v. McDaniel*, 497 F.3d 998 (9th Cir. 2007) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).). The standard accounts for the Supreme Court's assessment that a petition of habeas corpus serves as "a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011). To that end, a state court's erroneous application of clearly established law does not warrant habeas relief, unless the state court's application was "objectively unreasonable." *Lockyer*, 538 U.S. at 75. "Absent citations to Supreme Court precedent, habeas relief is not merited if the state court decision neither contradicts the reasoning nor the result of Supreme Court holdings." *Blake*, 2013 WL 3973081, at *4.

## IV. DISCUSSION

### a. Petitioner's Claim Is Not Cognizable on Federal Habeas Review

The sole issue before the Court is whether the trial court improperly weighed Petitioner's history of PTSD and substance abuse when considering factors to mitigate Petitioner's sentence. (Doc. No. 3, 6-8.) The issue exclusively arises under California Penal Code section 1170.91(b)(1), which provides:

///

///

///

///

///

> A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in the case, to request resentencing if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. Cal. Pen. Code § 1170.91(b)(1).

In his First Amended Petition, Petitioner argues the trial court violated Section 1170.91 by allegedly failing to consider Petitioner's PTSD and history of substance abuse, both of which Petitioner attributes to his military service. (Doc. No. 3, 3-4.) Because Petitioner's claim for habeas relief exclusively implicates the trial court's application of state court law, the Court finds federal habeas relief is not warranted here. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process (quoting *Gryger v. Burke*, 334 U.S. 728, 731 (1948).). "A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" when conducting federal habeas review. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975).). Supreme Court precedent is unequivocal that "federal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id*. at 67-68 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).).

As the precedent cited herein confirms, allegations of state law violations are not suitable for disposition in federal court on habeas appeal. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A petitioner] may not ... transform a state-law issue into a federal one merely by asserting a violation of due process"); *McCraw v. N. McDowell*, 2017 WL

3605360, at *7 (S.D. Cal. Aug. 22, 2017) (concluding that, "although Petitioner argues he is entitled to resentencing because the crime he committed is non-serious and non-violent, Petitioner is effectively asking this Court to find that a California state court erred in interpreting and applying California state law. Such a claim is not cognizable in federal habeas corpus") (citing *Myles v. Rackley*, 2016 WL 6298408, at *2 (E.D. Cal. Oct. 27, 2016) (rejecting [California] Proposition 47 claims on ground that "[f]ederal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by a state court"); *Adams v. Borders*, 2016 WL 4523163, at *3 (C.D. Cal. July 29, 2016), ("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under [California] Proposition 47 as a federal constitutional claim ... is not sufficient to render it cognizable."). Accordingly, the Court RECOMMENDS the operative First Amended Petition be DISMISSED for failure to state a federal claim.

### b. Petitioner Fails to State a Due Process Violation under the Fourteenth Amendment

In an effort to spare the Petition from its dismissal recommendation, the Court construes the issue Petitioner raises as an alleged due process violation under the Fourteenth Amendment. Even so, the Court finds there is no basis upon which relief may be granted. "To raise a cognizable claim based on a purported state sentencing error, a petitioner must show the error was 'so arbitrary or capricious as to constitute an independent due process . . . violation.'" *Devon v. State of California Superior – Supreme Court*, 2022 WL 4390455, at *3 (quoting *Lewis*, 497 U.S. at 780; *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (concluding whether a prior conviction constituted a serious felony under state statutes did not present a federal question); *Langford*, 110 F.3d at 1389 (noting a habeas petitioner "may not ... transform a state-law issue into a federal one merely by asserting a violation of due process.").

///

///

Petitioner appeals to this Court for relief, contending the trial court neglected to properly weigh (1) Petitioner's lack of any criminal record prior to the robberies for which Petitioner was convicted; (2) statements of support submitted on Petitioner's behalf to the trial court from Petitioner's cousin, Darline T., and former colleagues, fellow United States Marine, Marcus A., and Navy service member Russel L.; and (3) an October 29, 2014, probation report which indicated, in relevant part, Petitioner's diagnoses for PTSD, schizophrenia, substance abuse, and alcohol dependency. (Doc. No. 10-6, Lodgment 5 at 11-13.) In his Traverse, Petitioner reiterates, "there is no evidence that the trial court considered Petitioner's PTSD and substance abuse issues as a result of his military service as factors of mitigation as required by [Section] 1170.91." (Doc. No. 13, ¶¶ 8-10.)

The Court is not persuaded by Petitioner's position. Petitioner presents no facts to attribute any error to the trial court, let alone error that is "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Absent "a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). As noted, Section 1170.91(b)(1) of the California Penal Code permits a defendant to request resentencing where the trial court fails to consider a defendant's mental health or substance abuse issues stemming from military service at the time of sentencing. (Cal. Penal Code § 1170.91(b)(1).) Here, the record undermines Petitioner's argument that the trial court disregarded Petitioner's PTSD and history of substance abuse arising from his military service.

In stark contrast to Petitioner's contention, the trial court explained during Petitioner's sentencing hearing that it in fact considered "the presentence report; two set of documents filed on behalf of Mr. Gauthier; the sentence statement in mitigation, as well as a series of additional letters," which were the entirety of Petitioner's "prison pack." (Doc. No. 10-6, Lodgment 5 at 13.) The documents contained within Petitioner's prison pack specifically addressed Petitioner's PTSD and history of substance abuse. For example, Petitioner's own handwritten statement to the Court expressly advised, he "suffer[s] from

Post-Traumatic Stress Disorder, substance abuse, mental health problems, and migrain[e]s." (*Id.* at 67.) The October 23, 2014, probation report added Petitioner "was caught in possession of 'Spice'" during his Marine Corps service, "reported he was diagnosed as having PTSD and alcohol dependency in 2013," "was diagnosed with Schizophrenia while in custody last year," has smoked marijuana since age 14, began smoking spice at age 20 and quit "two months prior to committing the instant offense," and continues to drink alcohol. (*Id.* at 45-46.) Further, the November 19, 2019, Statement in Mitigation in Support of Military Resentencing explained that, during his military service, Petitioner "experienced verbal abuse… and incidents of racism during training camp" that, "along with the rigors of military life, [Petitioner] developed a significant drug and alcohol habit and symptoms of post-traumatic stress disorder." (*Id.* at 82.) To that end, at the resentencing hearing, the trial court made clear:

> At the time I sentenced Mr. Gauthier, I thought I had fashioned a sentence that reflected his participation in these crimes, the extreme amount of danger that he created as a result of this armed robbery series. I was well aware that there was a history of substance abuse, I was well aware there was a claim of PTSD, but, as I indicated that was not the driving factor behind those crimes... (*Id.* at 16-17.)

Equally notable, at the December 17, 2019, hearing on Petitioner's Petition for Resentencing before the California Court of Appeal, Petitioner's own counsel conceded the trial court was aware of Petitioner's "history of PTSD and drug and alcohol abuse." (*Id.*, 22:22-25.) During the hearing, the California Court of Appeal also highlighted the "… the trial judge expressly stated he had been 'well aware' of Petitioner's claims of PTSD and substance abuse when the Court imposed the midterm, and not the upper term as probation had recommended." (*Id.* at 17.) On such grounds, the California Court of Appeal upheld the trial court's sentencing decision.

///

Having fully reviewed the Lodgment in this matter, the Court finds no grounds to suggest a due process violation occurred at the hands of the trial court. Petitioner's dissatisfaction – then and now – with the trial court's sentencing decision fails to transform into fact his belief that the trial court overlooked his history of PTSD and substance abuse. The trial court made expressly clear it considered the entirety of Petitioner's prison pack, inclusive of evidence of Petitioner's military service-related PTSD and history of substance abuse. In doing so, the trial court fashioned a sentence that accounted for both the severity of the felonies on which Petitioner was convicted as well as mitigating factors in support of a reduced sentence. Notably, the October 29, 2014, probation report recommended a 78-year and four-month sentence for Petitioner in view of the armed robberies Petitioner committed. (*Id*. at 13.) Even so, the trial court imposed a significantly lesser sentence of 38-years and four months and that was more closely aligned with Petitioner's defense counsel's request for a 25-year term. (*Id*. at 11-14.)

This Court is in no position to recommend habeas relief in an instance like this, where the trial court's decision fails to reflect an unreasonable application of clearly established federal law or an unreasonable determination of facts in light of the evidence presented at trial. *Balbuena v. Sullivan*, 980 F.3d 619, 628 (2020) (quoting 28 U.S.C. 2254(d)(1), (2)); *King v. Bird*, 2023 WL 174970, at *5 (S.D. Cal. Jan. 12, 2023) (denying federal habeas relief for lack of due process grounds after petitioner "presented no argument or evidence to explain why the state court's application of California sentencing law was arbitrary or capricious" under Cal. Pen. Code section 1170.91); *Devon*, 2022 WL 4390455, at *3 (C.D. Cal. Aug. 15, 2022), report and recommendation adopted sub nom. *Devon*, 2022 WL 4381012 (C.D. Cal. Sept. 21, 2022) (concluding petitioner was not entitled to habeas relief on due process grounds because "the Petition d[id] not invoke any federal basis for the resentencing arguments and d[id] not show that any fundamental unfairness occurred based on the state court's denial of resentencing"); *Johnson v. Sherman*, 2021 WL 4954351, at *4 (C.D. Cal. Sept. 15, 2021), report and recommendation adopted, 2021 WL 4952497 (C.D. Cal. Oct. 25, 2021) (denying petitioner habeas relief

after finding petitioner's sentence "was not arbitrary or capricious, nor did it result in fundamental unfairness" after petitioner entered a no contest plea.).

The trial court's decision must be "more than incorrect or erroneous;" it must be "objectively unreasonable'" to satisfy the "unreasonable application" clause. *Balbuena*, 980 F.3d at 619 (quoting *Lockyer*, 538 U.S. at 75); *Castaneda v. Montgomery*, 2015 WL 9694505, at *4 (S.D. Cal. Aug. 5, 2015), report and recommendation adopted, 2016 WL 127571 (S.D. Cal. Jan. 11, 2016) (noting petitioner's "conclusory attempt to transform his state-law claim into a federal claim merely by asserting that the state courts violated his Fourteenth Amendment right to due process should be rejected" and recommending denial of habeas relief on such basis) (citing *Johnson v. Davis*, 2014 WL 2586883, at *5 (C.D. Cal. June 9, 2014) (emphasizing "petitioner's attempt to transform his claim of an alleged misapplication of Section 1170.126 into a claim of a violation of his federal constitutional rights, by conclusory references to 'due process' and 'equal protection,' is unavailing"); *Bradley v. Warden*, 2012 WL 1577778, at *3 (C.D. Cal. Feb. 27, 2012), report and recommendation adopted by 2012 WL 1598013 (C.D. Cal. May 3, 2012) (observing "petitioner's addition of the phrases 'due process' and 'Fourteenth Amendment' to his state law claims does not transform them into federal ones") (citing *Langford*, 110 F.3d at 1389).). As explained, Petitioner offers no factual basis to establish the trial court committed an objectively unreasonable error in applying clearly established law or in determining the facts bearing upon Petitioner's sentence. For this additional reason, the Court declines to recommend granting habeas relief to Petitioner.

## V. CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Petitioner's operative First Amended Petition for Writ of Habeas Corpus be DISMISSED.

**IT IS SO ORDERED.**

Dated: May 30, 2023

Hon. William V. Gallo
United States Magistrate Judge